Docket No. 13-56466

*In the*

# United States Court of Appeals

*For the*

# Ninth Circuit

ALLAN WACHS, *et al.*,

*Plaintiffs and Appellees*,

*vs.*

WELLS FARGO BANK, N.A., *et al.*,

*Defendant and Appellant.*

APPEAL FROM THE FINAL ORDERS OF THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
Case No. 2:12-cv-08801-MWF-SH
HON. MICHAEL W. FITZGERALD, UNITED STATES DISTRICT JUDGE

## APPELLANT'S RESPONSE TO ORDER TO SHOW CAUSE

Robert Collings Little, Esq., Cal. State Bar No. 182396
Steven Robert Telles, Esq., Cal. State Bar No. 246514
ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California  91101-2459
(626) 535-1900 | F: (626) 577-7764 | E-Mail: rlittle@afrct.com

*Appellate Counsel for Defendant–Appellant*
WELLS FARGO BANK, N.A.,
successor to by merger with
Wells Fargo Bank Southwest, N.A.,
formerly known as Wachovia Mortgage, FSB,
formerly known as World Savings Bank, FSB

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Defendant and Appellee Wells Fargo Bank, N.A., successor to by merger with Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB (Wells Fargo), identifies WFC Holdings Corporation, Greater Bay Bancorp, Placer Sierra Bancshares, Century Bancshares, Inc., Charter Holdings, Inc., and IBID, Inc. as parent corporations, and it also identifies Wells Fargo & Company (NYSE:WFC) as a parent corporation and a publicly held corporation that owns 10% or more of its stock.

Respectfully submitted,

Dated:  October 3, 2013

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP

By:  ___ s/ *Robert C. Little* _____
Robert Collings Little

*Attorneys for Defendant and Appellant*
WELLS FARGO BANK, N.A.,
successor to by merger with
Wells Fargo Bank Southwest, N.A.,
formerly known as Wachovia Mortgage, FSB,
formerly known as World Savings Bank, FSB

# TABLE OF CONTENTS

Page

CORPORATE DISCLOSURE STATEMENT .............................................*ante*

TABLE OF CONTENTS.................................................................. i

RESPONSE TO ORDER TO SHOW CAUSE ................................. 1

I.    Wells Fargo brings this appeal only from the Vacating Orders issued by the district court. As affirmed by both Supreme Court and Ninth Circuit precedent, the Vacating Orders are final and appealable. This is so, notwithstanding that the Vacating Orders appear in a "single decree" which also contains the non-appealable Remand Order. ...................................................... 6

    A.    The Supreme Court's decision in *Waco*, affirmed in *Kircher*, directly controls the appealability of the Vacating Orders at issue in this appeal........................................... 7

    B.    The district court's Vacating Orders are unassailably appealable. ................................................................. 10

    C.    The order denying Wells Fargo's motion for attorneys' fees is likewise appealable................................................. 13

II.    The decisions referenced in this Court's order to show cause are inapplicable to the final orders from which this appeal is taken, and do not diminish their reviewability................................................. 13

CERTIFICATE OF SERVICE ....................................................... 16

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Bellevue Manor Assocs. v. United States*,
    165 F.3d 1249 (9th Cir. 1999) .........................................................7, 10

*Browder v. Director, Dep't of Corrections*,
    434 U.S. 257 (1978)........................................................................10

*Export Group v. Reef Indus.*,
    54 F.3d 1466 (9th Cir. 1995) ..............................................................11

*Fidelity Fed. Bank, FSB v. Durga Ma Corp.*,
    387 F.3d 1021 (9th Cir. 2004) ....................................................1, 7, 10

*International Ambassador Programs v. Archexpo*,
    68 F.3d 337 (9th Cir. 1995) ...............................................................11

*Jones v. Giles*,
    741 F.2d 245 (9th Cir. 1984) ..............................................................11

*Kansas City S. R. Co. v. Great Lakes Carbon Corp.*,
    449 U.S. 955, 101 S. Ct. 363 (1980)....................................................12

*Kansas City Southern Ry. Co. v. Great Lakes Carbon*,
    624 F.2d 822 (8th Cir. 1980) .............................................................12

*Kingvision Pay-Per-View v. Lake Alice Bar*,
    168 F.3d 347 (9th Cir. 1999) .........................................................10, 12

*Kircher v. Putnam Funds Trust*,
    547 U.S. 633 (2006)........................................................................7, 9

*Kunzi v. Pan Am. World Airways, Inc.*,
    833 F.2d 1291 (9th Cir. 1997) ...................................................5, 13, 14

*League of Women Voters v. FCC*,
    751 F.2d 986 (9th Cir. 1985) .............................................................13

*Martinez v. Wells Fargo Bank*,
    No. C-12-6006 EMC, 2013 WL 2237879 (N.D. Cal. May 21, 2013)..................3

*Meadows v. Dominican Republic*,
    817 F.2d 517 (9th Cir. 1987) ...............................................................11

*Morgan v. Kopecky Charter Bus Co.*,
    760 F.2d 919 (9th Cir. 1985) ...............................................................13

*Nemaizer v. Baker*,
    793 F.2d 58 (2d Cir. 1986) ..................................................................12

*Powerex Corp. v. Reliant Energy Servs.*,
    551 U.S. 224 (2007)................................................................................9

*Quackenbush v. Allstate Ins. Co.*,
    517 U.S. 706 (1996)................................................................................6

*Retail Clerks Union Joint Pension Trust v. Freedom Food Center, Inc.*,
    938 F.2d 136 (9th Cir. 1991) ...............................................................11

*Rouse v. Wachovia Bank, FSB*, Ninth Circuit Docket No. 12-55278........................3

*Schmidt v. Wachovia Bank*,
    546 U.S. 303 (2006)................................................................................3

*Things Remembered, Inc. v. Petrarca*,
    516 U.S. 124 (1995)......................................................................5, 13, 14

*United States v. Boch Oldsmobile, Inc.*,
    909 F.2d 657 (1st Cir. 1990)................................................................12

*United Student Aid Funds, Inc. v. Espinosa*,
    559 U.S. 260 (2010)..............................................................................12

*Waco v. United States Fidelity & Guaranty Co.*,
    293 U.S. 140 (1934)......................................................................1, 7, 8, 9

*Watts v. Pinckney*,
    752 F.2d 406 (1985)..............................................................................12

*Williams v. Costco Wholesale Corp.*,
    471 F.3d 975 (9th Cir. 2006) (per curiam) ...........................................6

**FEDERAL STATUTES**

28 U.S.C. § 1291 ..................................................................................10, 11

28 U.S.C. § 1332 .............................................................................................2, 3

28 U.S.C.§ 1447(c) .............................................................................................13

28 U.S.C. § 1447(d) ....................................................................................5, 6, 14

**RULES**

Fed. R. App. P. 4(a) ..........................................................................................10

Fed. R. Civ. P. 60(b) ...................................................................................*passim*

FED. R. CIV. P. 60(b)(4)................................................................................11, 12

## RESPONSE TO ORDER TO SHOW CAUSE

By its Order dated September 12, 2013, this Court directed Defendant and Appellant Wells Fargo to move for voluntary dismissal or show cause why this appeal should not be dismissed for lack of jurisdiction.  (9th Cir. Dkt. No. 6.)

As explained below, the Court has jurisdiction over this appeal. The existence of such jurisdiction is illustrated by the Supreme Court's decision in *Waco v. United States Fidelity & Guaranty Co.*, 293 U.S. 140 (1934), as well as decisions by this Court in matters involving the application of Federal Rule of Civil Procedure 60(b). (See, for example, *Fidelity Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1023 (9th Cir. 2004).)

Wells Fargo therefore respectfully requests that the Court discharge its Order to Show Cause, and order briefing to resume.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs and Appellees Allan and Patrice Wachs initially filed this action in Los Angeles Superior Court on September 18, 2012 against Wells Fargo and Cal-Western Reconveyance Corp.  (Dkt. No. 1.[1])  The original complaint raised claims under state law regarding a loan they obtained from Wells Fargo's predecessor, Wachovia Mortgage, FSB (Wachovia) to finance the purchase of property in

---

[1]    References to "Dkt. No." are to the district court's docket unless otherwise indicated.

Malibu.  The Wachses have been in default on the loan for several years now—since February 1, 2009.  (Dkt. Nos. 6, 12 & 18.)

Wells Fargo removed the case to the U.S. District Court for the Central District of California on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332, and thereafter moved for dismissal of the complaint.  The district court granted Wells Fargo's motion to dismiss the complaint with leave to amend.  (Dkt. No. 10.)  The Wachses then filed a first amended complaint based on allegations similar to those in their original complaint.  (Dkt. No. 11.)  Wells Fargo again moved to dismiss.  (Dkt. No. 12.)  Once more, the district court granted Wells Fargo's motion to dismiss with leave to amend. (Dkt. No. 16.)

The Wachses filed a second amended complaint (SAC) setting forth essentially the same allegations previously pleaded.  (Dkt. No. 17.)  Among other things, the SAC presented the theory that Wells Fargo lacked standing to foreclose on the Malibu property.  (Dkt. No. 17.)  Wells Fargo moved for dismissal of the SAC.  (Dkt. No. 18.)  The district court granted the motion to dismiss on May 6, 2013, this time with prejudice, finding that further amendments would be futile. (Dkt. No. 27.)

As the prevailing party, Wells Fargo filed a motion for attorneys' fees.  (Dkt. No. 28.)  During the pendency of this motion, the district court issued *sua sponte* an order to show cause re: subject matter jurisdiction, announcing its uncertainty

whether the citizenship of Wells Fargo was diverse from that of the Wachses. (Dkt. No. 34.)  It observed that district courts in the Ninth Circuit are "divided" as to how to determine a national bank's citizenship for assessing diversity of citizenship.  *Id.* [2]

The district court acknowledged that Wells Fargo is a national association with its main office in South Dakota as designated in its articles of association, *Schmidt v. Wachovia Bank*, 546 U.S. 303 (2006). But it further observed that it "appears" Wells Fargo has a principal place of business in California (Dkt. No. 34 at 2–3), and cited to a district court ruling (*Martinez v. Wells Fargo Bank,* No. C-12-6006 EMC, 2013 WL 2237879, at *2 (N.D. Cal. May 21, 2013)) for the proposition that a national bank may be deemed a citizen of its principal place of business.  (Dkt. No. 34 at 3; *but see Schmidt*, *supra*, 546 U.S. at 317 n. 9.)

Briefing was submitted by the parties in response to the OSC.  (Dkt. Nos. 35 & 37.)

On July 22, 2013, the district court issued a series of orders in a single decree entitled "Order Denying Motion for Attorneys' Fees as Moot [28], Reopening Case, Vacating Judgment Pursuant to Federal Rule 60(b), and

---

[2]     The issue is larger than any single district court decision.  There are many dozens of district court decisions on either side of this split in authority throughout the Circuit.  Wells Fargo anticipates that this issue may be resolved by an appeal presently scheduled for oral argument on November 5, 2013, entitled *Rouse v. Wachovia Bank, FSB*, Ninth Circuit Docket No. 12-55278.

Remanding Case to State Court."  (Dkt. No. 39 [capitalization omitted].)  This document appears on the district court's Docket No. 39, and is attached to Wells Fargo's Notice of Appeal.  (Dkt. No. 42.)

By way of these orders, the district court *(1)* reopened the case and vacated the May 6, 2013 judgment of dismissal, based on its determination that "there is no diversity jurisdiction and no alternate basis for federal jurisdiction exists," and that it therefore "lacks subject matter jurisdiction and must reopen the case to vacate its judgment pursuant to Federal Rule of Civil Procedure 60(b)"  (*Id.*); *(2)* vacated all prior rulings, including those favorably deciding Wells Fargo's three motions to dismiss; and *(3)* denied as moot Wells Fargo's attorneys' fees motion (collectively, the "Vacating Orders").  (Dkt. No. 39.)

Also, in a single sentence at the end of the same document, the district court issued a further order that the case be remanded to state court (the "Remand Order").  (*Id.* at 2.)

Wells Fargo timely appealed from the district court's Vacating Orders on August 21, 2013.  (Dkt. No. 42.)  However, Wells Fargo did not appeal from the Remand Order contained in the same document.  (*Id.*)

Wells Fargo's appeal was and remains now expressly limited to following final orders entered by the district court on July 22, 2013: *(1)* reopening the case and vacating the judgment in favor of Wells Fargo entered on May 6, 2013

pursuant to Rule 60(b); *(2)* vacating each of the prior rulings in the case, including the order granting Wells Fargo's motion to dismiss the complaint on December 12, 2012, the order granting Wells Fargo's motion to dismiss the first amended complaint on February 25, 2013, and the order granting Wells Fargo's motion to dismiss the SAC and dismissing the action with prejudice on May 6, 2013; and *(3)* denying as moot Wells Fargo's motion for attorneys' fees. (Dkt. No. 42 at 2.) The district court explicitly ordered the Clerk to treat the document as an entry of judgment. (Dkt. No. 39 at 2.)

As noted, Wells Fargo's notice of appeal deliberately omitted any mention of the district court's Remand Order, thereby establishing that it was not being challenged. (Dkt. No. 42.) Wells Fargo recognizes that, with limited and inapplicable exceptions, a remand order is not reviewable on appeal. 28 U.S.C. § 1447(d). Accordingly, the Remand Order is not a subject of this review.

On September 12, 2013, this Court issued an order to show cause (OSC) stating that "[a] review of the record suggests that this court may lack jurisdiction over the appeal." (9th Cir. Dkt. No. 6.) The OSC cited 28 U.S.C. § 1447(d), *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995), and *Kunzi v. Pan Am. World Airways, Inc.*, 833 F.2d 1291, 1293 (9th Cir. 1997).

The Court directed Wells Fargo to move for voluntary dismissal or show cause why the appeal should not be dismissed for lack of jurisdiction. Wells Fargo

respectfully submits that cause is hereby shown why dismissal of this appeal would be improper, and accordingly requests that the OSC be discharged.

## ARGUMENT

I.     **Wells Fargo brings this appeal only from the Vacating Orders issued by the district court. As affirmed by both Supreme Court and Ninth Circuit precedent, the Vacating Orders are final and appealable. This is so, notwithstanding that the Vacating Orders appear in a "single decree" which also contains the non-appealable Remand Order.**

Wells Fargo acknowledges that Section 1447(d) of Title 28 of the U.S. Code provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). There are limited exceptions to this rule. *See, e.g.*, *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712–15 (1996); *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 n.3 (9th Cir. 2006) (per curiam). But none of those exceptions are applicable here.

Wells Fargo's appeal in this case presents no challenge whatsoever to the district court's Remand Order. That order is not the subject of this review.

Rather, Wells Fargo challenges only the district court's Vacating Orders which served to reopen the case, vacate under Rule 60(b) the judgment previously entered in favor of Wells Fargo, vacate all prior rulings which granted Wells Fargo's three motions to dismiss, and deny Wells Fargo's motion for attorneys'

- 6 -

fees.  The appealable nature of these orders is not diminished by the appearance of a non-appealable remand order in the same document.

The United States Supreme Court has long held that where a district court issues a "single decree" that includes both a remand order and other concurrent orders, the other orders are reviewable if they are final—even if the remand order itself is not reviewable.  *Waco*, 293 U.S. at 142.  Wells Fargo does not seek review of the non-appealable remand order in this appeal.  No reference to the remand order appears anywhere within its Notice of Appeal.  (Dkt. No. 42.)

*Waco* controls here because Wells Fargo seeks review of the final Rule 60(b) order vacating *sua sponte* the judgment in its favor in this case, and of other reviewable, non-remand orders.  This Circuit has held that orders vacating a judgment are appealable.  *Fidelity Fed. Bank, FSB*, *supra*, 387 F.3d at 1023; *Bellevue Manor Assocs. v. United States*, 165 F.3d 1249, 1252 (9th Cir. 1999).

### A.    The Supreme Court's decision in *Waco*, affirmed in *Kircher*, directly controls the appealability of the Vacating Orders at issue in this appeal.

The Supreme Court has held where multiple orders are included by a district court in a single decree which includes reviewable orders along with a non-reviewable remand order, the reviewable orders may be appealed even though the remand order may not be.

- 7 -

In *Waco*, 293 U.S. 140, the Supreme Court observed that "[t]he District Court entered a single decree embodying three separate orders." *Id.* at 142. "*First*, being of the opinion that the record presented a separable controversy between the [cross-complainant] City and the [respondent] Fidelity Company, it overruled the motion to remand. *Secondly*, reciting that the motion to dismiss the cross-complaint had come on to be heard, it found that as to the plaintiff's cause of action the Fidelity Company was an unnecessary and improper party, and granted the motion. *Thirdly*, since, upon that dismissal, there was no diversity of citizenship of the remaining parties, the court held it lacked jurisdiction, and remanded the cause to the state court." *Id.* (italics added).

The City as cross-complainant in *Waco* did not appeal from the remand order. Its sole appeal was from the district court's dismissal of the cross-complaint, *Waco* at 142, just as Wells Fargo appeals here from the order under Rule 60(b) vacating judgment in its favor, not from the remand order. Nevertheless, the Fifth Circuit Court of Appeals ruled in *Waco* that because no appeal lies from an order of remand, an appeal could not be heard of the dismissal of the cross-complaint. *Id.*

The Supreme Court reversed. Acknowledging that "no appeal lies from the order of remand," the High Court nevertheless determined that "in logic and in fact the decree of dismissal preceded that of remand and was made by the District

Court while it had control of the cause." *Id.* at 143. Therefore, notwithstanding that the remand order was unreviewable, the Court ordered the Fifth Circuit to decide the issue of whether the dismissal order was proper. *Id.*

Later, in *Kircher v. Putnam Funds Trust*, 547 U.S. 633 (2006), the Supreme Court reaffirmed its ruling in *Waco*, noting that the order appealed from in *Waco* "was not a remand order." *Kircher*, 547 U.S. at 644 n. 13.

It should be noted that the fundamental holding in *Waco* remained unaltered by *Powerex Corp. v. Reliant Energy Servs.*, 551 U.S. 224 (2007). There, the Supreme Court reconfirmed that that an appealable "separate order" within the same decree as an unreviewable remand order is required for appellate review. *Id.* at 236. Just such a separate order is precisely what is at once present and at issue in this appeal.

The district court's order reopening the case and vacating under Rule 60(b) the prior judgment in favor of Wells Fargo, along with the order denying it attorneys' fees, were and remain appealable "separate orders" notwithstanding that both orders were contained in the same document as the order of remand.

A decision vacating a judgment is an indisputably appealable order. So is a concurrent determination to deny attorneys' fees. Pursuant to *Waco*, this Court has jurisdiction over this appeal from both of these orders, despite the district court's contemporaneous issuance of a remand order in the same document.

- 9 -

### B.   The district court's Vacating Orders are unassailably appealable.

The district court's decision to re-open the case and vacate its prior judgment under Rule 60(b) along with all prior rulings in favor of Wells Fargo on multiple motions to dismiss is reviewable on appeal, as is the order denying attorneys' fees.  The order to show cause which merged into the "judgment" as it was designated by the court (Dkt. No. 39 at 2) is similarly reviewable in this appeal.

The Supreme Court has explicitly held that a "timely appeal may be taken under Fed. Rule App. Proc. 4 (a) from a ruling on a Rule 60(b) motion."  *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 263, n.7 (1978).

In this Circuit, an order vacating a judgment under Rule 60(b) is considered a "final disposition" of a case, and appealable under 28 U.S.C. § 1291.  *Bellevue Manor Assocs.*, *supra*, 165 F.3d at 1252; *see also Fidelity Fed. Bank, FSB*, *supra*, 387 F.3d at 1023 ("We review the district court's order granting … a motion under Rule 60(b)[.]"). The order is reviewable whether the district court is ruling on a party's motion, or as here, *sua sponte* vacates the judgment.  *Kingvision Pay-Per-View v. Lake Alice Bar*, 168 F.3d 347, 352 (9th Cir. 1999).

/ / /

/ / /

/ / /

- 10 -

Rule 60(b) provides in pertinent part:

> On motion and just terms, the court may relieve a party or its
> legal representative from a final judgment, order, or
> proceeding for the following reasons:
> …
> (4) the judgment is void[.]

FED. R. CIV. P. 60(b)(4). This district court's order under Rule 60(b)(4) vacating

the judgment in favor of Wells Fargo is at once appealable and reviewable *de novo*.

*Export Group v. Reef Indus.*, 54 F.3d 1466, 1469 (9th Cir. 1995), citing *Retail*

*Clerks Union Joint Pension Trust v. Freedom Food Center, Inc.*, 938 F.2d 136, 137

(9th Cir. 1991) ("We review de novo…a district court's ruling upon a Rule

60(b)(4) motion to set aside a judgment as void, because the question of the

validity of a judgment is a legal one.")

When a district court voids a judgment under Rule 60(b)(4) based on a

finding that it lacks subject matter jurisdiction, an appealable issue arises pursuant

to 28 U.S.C. § 1291. *International Ambassador Programs v. Archexpo*, 68 F.3d

337, 338, 340 (9th Cir. 1995) (reversing order vacating judgment under Rule

60(b)(4) because district court erred in finding lack of subject matter jurisdiction);

*Meadows v. Dominican Republic*, 817 F.2d 517, 522–523 (9th Cir. 1987) (holding

that subject matter jurisdiction in district court existed, and judgment was not

void); *Jones v. Giles*, 741 F.2d 245, 247-248 (9th Cir. 1984) (reviewing district

court's order on Rule 60(b)(4) motion premised on subject matter jurisdiction).

For a judgment to be deemed void based on a lack of subject matter jurisdiction under Rule 60(b)(4), this Circuit has applied the "total want of jurisdiction"–standard, as opposed to a mere "error in the exercise of jurisdiction." *Watts v. Pinckney*, 752 F.2d 406, 409 (1985), construing *Kansas City Southern Ry. Co. v. Great Lakes Carbon*, 624 F.2d 822 (8th Cir. 1980), *cert. denied*, 449 U.S. 955 (1980).

The Supreme Court has also recognized that "[f]ederal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an "'arguable basis' for jurisdiction." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010), citing *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986) & *United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661-662 (1st Cir. 1990).

While Rule 60(b) does not exclude *sua sponte* action by a district court which "repairs" and fixes "mistakes," such actions do raise due process concerns since a "judgment is property." *Kingvision*, *supra*, 168 F.3d 347, 352. Here, Wells Fargo was the prevailing party on the merits, having obtained a judgment of dismissal with prejudice in its favor. (Dkt. No. 27.) Yet the case was subsequently reopened and the judgment in favor of Wells Fargo vacated on the district court's *sua sponte* order to show cause—despite zero change having occurred on the

- 12 -

merits.  Wells Fargo respectfully submits that its due process rights to a review of this order should be respected.

### C.    The order denying Wells Fargo's motion for attorneys' fees is likewise appealable.

This Court has instructed that an order denying a request for attorney's fees is appealable if a final judgment has been reached by the district court.  *Morgan v. Kopecky Charter Bus Co.*, 760 F.2d 919, 921 (9th Cir. 1985); *League of Women Voters v. FCC*, 751 F.2d 986, 990 (9th Cir. 1985).  In this matter, the district court expressly ruled that the denial of the attorneys' motion was to be treated as part of the "entry of judgment."  Vacating Orders at 2.  Consequently, the district court's order denying the attorneys' fees motion is also appealable.

### II.    The decisions referenced in this Court's order to show cause are inapplicable to the final orders from which this appeal is taken, and do not diminish their reviewability.

The September 12, 2013 order directing Wells Fargo to show cause why this appeal should not be dismissed for lack of jurisdiction cites to *Things Remembered*, *supra*, 516 U.S. at 127, and *Kunzi*, *supra*, 833 F.2d at 1293.  These two authorities are inapplicable to this appeal.

*Things Remembered* held that the remand order at issue was based on one of the grounds listed in § 1447(c) — untimeliness of the removal — and that

- 13 -

§ 1447(d) therefore barred appeal.  516 U.S. at 128.  Wells Fargo, however, is not appealing from the district court's remand order.

 In *Kunzi*, this Court explained that the district court "based the decision to remand on the grounds that it was without jurisdiction," and specifically indicated that "it did not have pendent jurisdiction over the claims."  833 F.2d at 1294.  But again, Wells Fargo is not appealing here from a remand order.

Wells Fargo instead seeks review of appealable orders contained in a "single decree" that happened to also contain a remand order which is neither appealable nor a subject of this review.  For the reasons discussed above, this Court's has jurisdiction over the appeal to review the district court's appealable orders.  That jurisdiction is not extinguished merely because a remand order—from which Wells Fargo has *not* taken an appeal—may be found in the same document.

/ / /

/ / /

/ / /

## CONCLUSION

For the foregoing reasons, Wells Fargo submits that the Court has jurisdiction over this appeal. Wells Fargo respectfully requests that the Court discharge its Order to Show Cause of September 12, 2013, and order briefing in this appeal to resume.

Respectfully submitted,

Dated: October 3, 2013

ANGLIN FLEWELLING RASMUSSEN
 CAMPBELL & TRYTTEN LLP

By: ___s/ *Robert C. Little*_____
     Robert Collings Little

*Attorneys for Defendant and Appellant*
WELLS FARGO BANK, N.A.,
successor to by merger with
Wells Fargo Bank Southwest, N.A.,
formerly known as Wachovia Mortgage, FSB,
formerly known as World Savings Bank, FSB

- 15 -

# CERTIFICATE OF SERVICE

(FED. R. APP. P. 25; 9TH CIR. R. 25-5(f))

I hereby certify that I electronically filed the following documents with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on October 3, 2013:

**APPELLANT'S RESPONSE TO ORDER TO SHOW CAUSE**

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. This declaration is executed in Pasadena, in the County of Los Angeles, State of California.

Dated: October 3, 2013                   *s/  Tracy M. Vena*
                                          Tracy M. Vena

- 16 -

## SERVICE LIST

*Allan Wachs, et al., v. Wells Fargo Bank, N.A., et al.*
U.S. Court of Appeals for the Ninth Circuit Docket No. 13-56466
U.S.D.C. C.D. Cal. Case No. 2:12-CV-08801-MWF-SH

Matthew Resnik, Esq.                              *Attorneys for Plaintiffs–Appellees*
SIMON & RESNIK, LLP                          ALLAN WACHS and
15233 Ventura Blvd., Suite 300              PATRICE WACHS
Sherman Oaks, California  91403
Telephone:  (818) 783-6251
Fax:  (818) 783-6253
E-Mail:  matthew@simonresniklaw.com